United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STRIKE 3 HOLDINGS, LLC,

　　　　　Plaintiff,

　　v.

JOHN DOE SUBSCRIBER ASSIGNED IP
ADDRESS 67.180.240.159,

　　　　　Defendant.

Case No.  21-cv-06818-HSG

**ORDER GRANTING EX PARTE
APPLICATION FOR LEAVE TO
SERVE SUBPOENA BEFORE RULE
26(F) CONFERENCE**

Re: Dkt. No. 7

　　　　Plaintiff Strike 3 Holdings, LLC moves *ex parte* for leave to serve a third-party subpoena prior to the Federal Rule of Civil Procedure 26(f) conference.  Dkt. No. 7.  Having considered Plaintiff's application, the Court **ORDERS** as follows:

　　　　1.　　Plaintiff has established that "good cause" exists for it to serve a third-party subpoena on Comcast Cable (hereinafter the "ISP") under Federal Rule of Civil Procedure 45. *See, e.g.*, *UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); *Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 6–7 (D.D.C. 2008); *see also Strike 3 Holdings, LLC v. Doe*, No. 17-CV-07051-LB, 2018 WL 357287, at *2 (N.D. Cal. Jan. 10, 2018).

　　　　2.　　Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant John Doe to whom the ISP assigned an IP address as detailed in the complaint and as listed in the case caption.  Plaintiff shall attach a copy of this Order to any such subpoena.

　　　　3.　　Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant.

\\

United States District Court
Northern District of California

4.      If the ISP qualifies as a "cable operator," defined by 47 U.S.C. § 522(5), as any person or group of persons:

                (A)      who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

                (B)      who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system,

it shall comply with 47 U.S.C. § 551(c)(2)(B), which in turn states:

        A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5.      Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its complaint.

6.      Each ISP will have 30 days from the date of service upon it to serve each of its subscriber(s) whose identity information is sought with a copy of the subpoena and a copy of this order.  The ISPs may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

7.      Each subscriber and each ISP shall have 30 days from the date of service upon him, her or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena).  If the 30-day period after service on the subscriber lapses without the subscriber or the ISP contesting the subpoena, the ISP shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that subscriber.

\\

1   Additionally, under Rule 26(c), the Court may *sua sponte* grant a protective order.  *See*

2   *Strike 3 Holdings*, 2018 WL 357287, at *3.  Because the ISP subscriber(s) may not be the

3   individual(s) who infringed Plaintiff's copyright, and because of the potential embarrassment

4   associated with being publicly accused of illegally downloading adult motion pictures, the Court

5   issues a limited protective order in this case:  To the extent that the ISP releases any name or other

6   personal identifying information regarding Defendant to Plaintiff, such information shall be

7   treated as confidential and shall not be publicly disclosed until Defendant has had the opportunity

8   to file a motion with this Court to proceed anonymously and the Court has ruled on that motion.

9   If Defendant fails to file a motion for leave to proceed anonymously within 30 days after

10  his or her information is disclosed to Plaintiff, this limited protective order will expire.

11

12  **IT IS SO ORDERED.**

13  Dated:  10/6/2021

14  _____
    HAYWOOD S. GILLIAM, JR.

15  United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

3